## MARTIN A. GREEN
*vs.*
## GLENDON A. SCOBORIA ET AL.

Superior Court Fairfield County File No. 67000

MEMORANDUM FILED JANUARY 14, 1944.

*Marsh, Day & Calhoun,* of Bridgeport, for the Plaintiff.

*Frank J. DiSesa*, Assistant Attorney General, of Hartford, for the Defendant.

MELLITZ, J. This is an action for a declaratory judgment, and the single issue presented is whether the position held by the plaintiff as superintendent of The Israel Putnam Memorial Camp Ground, located in the Town of Redding, is exempted by subdivision (j) of section 642e of the 1939 Supplement to the General Statutes from the classified service as defined in section 641e of said Supplement.

Positions declared exempt from the classified service in said subdivision (j) include positions filled by "all superintendents or wardens of state institutions.... and any other.... administrative head of a state department or institution who is appointed by a board or commission responsible by statute for the administration of such department or institution."

Prior to June 6, 1889, the State of Connecticut acquired certain land in the Town of Redding, which was known as The Israel Putnam Memorial Camp Ground. By a special act of the General Assembly of 1889, a commission of seven members was authorized to be appointed by the Governor with authority to accept gifts of real estate and money which might be offered to the State in addition to the land already acquired.

The Camp Ground now consists of a tract of land in Redding, in excess of 200 acres, with 5 miles of roads, is maintained as a public park, and includes, in addition to the land, an executive house, a museum housing a collection of historical relics, and various other buildings. The Camp Ground is open to the public each year from May 15th to September 15th, and the number of visitors at the Camp Ground, under normal conditions, averages 700 to 1,000 on Sundays and 200 to 300 on week days.

It may be held reasonably that the Camp Ground is a State institution, within the meaning of the statute.

By subsequent special acts of the Legislature, the commission in charge of the Camp Ground became known as The Israel

Putnam Memorial Camp Commission and was vested with the care and control of the Camp Ground, and empowered to take such steps for the proper maintenance, preservation and improvement of the Camp Ground as should seem best to the commission.

The plaintiff was appointed by the commission to the position of superintendent of the Camp Ground, and has discharged his duties in a manner highly satisfactory to the commission.

Although, as noted, the Camp Ground may be held to be a State institution, and the position held by plaintiff is that of superintendent, it would seem clear from a consideration of the various subdivisions of said section 642e that the specific exemption from the classified service of "all superintendents or wardens of state institutions", contained in the first portion of subdivision (j), is intended to apply to positions specifically authorized by the Legislature, e.g., superintendent of the Connecticut State Hospital (Gen. Stat. [1930] §1773); superintendent of the Norwich State Hospital (Gen. Stat. [1930] §1775); superintendent of the Mansfield State Training School and Hospital (Supp. [1941] §253f); warden of the State Prison (Gen. Stat. [1930] §1972).

Exemption of the position held by the plaintiff is, therefore, determined by the portion of said subdivision (j) referring to the "administrative head of a state....institution who is appointed by a ....commission responsible by statute for the administration of such....institution."

The Israel Putnam Memorial Camp Commission is made responsible by statute for the maintenance, preservation and improvement of the Camp Ground, and for the activities conducted thereon. If, to adequately discharge its responsibility, the commission deems it necessary to designate an administrator to direct the affairs of the Camp Ground, the exemption provided in subdivision (j) is for the purpose of affording the commission a free hand in determining whether the administrator, to whom it may desire to entrust the responsibility for the direction of the affairs of the Camp Ground, possesses the necessary qualifications to carry out the policies of the commission. The power and authority of the com-

mission in this regard is in all respects similar to that of the State Park and Forest Commission, which functions under the provisions of sections 2158-2175 of the General Statutes, Revision of 1930, and has under its control State parks and forests located in various parts of the State. The statutes relating to State parks confer no specific authority upon the State Park and Forest Commission to appoint a general superintendent or administrative head. The defendant has, however, recognized the right of the State Park and Forest Commission, under its general powers, to appoint a general superintendent, exempt from the classified service. The general powers vested in The Israel Putnam Memorial Park Commission by the Legislature are the same as those vested in the State Park and Forest Commission, and the right of each of said commissions, as well as of every other commission made responsible by statute for the administration of a State department or institution, to appoint an administrative head, exempt from the classified service, is contemplated and recognized in subdivision (j) of said section 642e.

Whether the plaintiff is the administrative head of the Camp Ground is determined by the nature of the duties entrusted to him by the commission. His duties consist of the administration of the Camp Ground, the supervision and direction of the maintenance of the roads and trails in the Camp Ground, the planting in the Camp Ground, the supervision of the public use of the Camp Ground, the supervision and direction of the employees of the Camp Ground, including an assistant superintendent and three (formerly four) general employees, the requisition of supplies required for the maintenance and operation of the Camp Ground, and the keeping of necessary records and accounts covering the maintenance and operation of the Camp Ground.

This enumeration of the duties delegated to the plaintiff indicates the scope of the authority vested in the plaintiff by the commission. He is given complete and broad responsibility over the care and management of the physical properties within the jurisdiction of the commission, the personnel required in the operation of the Camp Ground, the keeping of all necessary and pertinent records, and the regulation and supervision of the use of the Camp Ground by the large numbers of the public who have occasion to avail themselves of the facilities of the Camp Ground. The economical and efficient operation

of the Camp Ground is thus largely dependent upon the manner in which the manifold duties entrusted to the plaintiff are discharged by him.

It is concluded that the position of the plaintiff is that of administrative head of the Camp Ground, and as such, is exempt from the classified service, and it is so adjudged and decreed.